## Rogers License

*Dallet Hemphill*, for appellant.

*Richard Klein*, for Commonwealth.

RILEY, J., October 31, 1967.—On March 31, 1967, appellant was apprehended for driving 50 miles per hour in a 35 mile per hour speed zone in West Goshen Township, Chester County, Pa., by Patrolman Gordon W. Smith. Information was filed before Justice of the Peace Meredith Cooper, and appellant paid a fine and costs of $15 on April 15, 1967. A departmental hearing was conducted by the Bureau of Traffic Safety on July 19, 1967, at which time appellant appeared and testified. This was appellant's second violation, and, upon the basis of the information in the file, a suspension of three months was imposed effective, August 30, 1967, for speeding, under section 1002(b)(4) and section 604.1(a). This suspension has now been appealed, and appellant has agreed as to the Commonwealth's presentation of documents only at the hearing. Appellant did appear and briefly testify at the hearing on October 9, 1967. The violation of The Vehicle Code is not disputed.

Appellant raises the legal issue that this matter should have been treated under the point system, as found under section 619.1 of The Vehicle Code. It is agreed that, if treated under the point system, this offense would have required an imposition of six points

only and no suspension. However, it is the Commonwealth's position that this appellant possessed a junior operator's license under the provisions of section 604.1 of The Vehicle Code, and that the point system is inapplicable to such licenses.

We have carefully reviewed the wording of the sections of The Vehicle Code referred to, and must conclude that section 619.1 applies to all licenses and is not restricted only to "senior" licenses. Examining the wording of section 601, it imposes a penalty upon any person operating a vehicle "unless such person has been licensed as an operator or a learner by the department *under the provisions of this act*". (Italics supplied.)

That the section refers to all licenses, including junior licenses, authorized under section 604.1, seems clear beyond question, because "junior licenses" are licenses issued by the department under the provisions of The Vehicle Code, and section 601 specifically applies to all such licensees. Section 619 of the code provides that the point system shall apply to every person "licensed under the provisions of section 601 of the Act". Section 604 of the act merely specifies certain persons to whom licenses may not be issued, as, habitual drunkards, and provides limiting conditions for others, among whom are persons sixteen to eighteen years of age.

The secretary argues that, because special conditions and authority are set forth in section 604 for issuance of licenses to persons under eighteen, and discretionary suspensions are provided for, and, therefore, the licenses issued to those persons are not issued "under the provisions of 601", they are, therefore, excluded from the mandatory point system established in section 619.

Section 601 of the code does not really authorize the issuance of any specific licenses, and stands as authority to the Department of Revenue to issue licenses, as provided in the code, by prohibiting operators from driving without such license. Reference is made to other provisions of the code, authorizing licenses to persons of limited vision with glasses, for operators of tractors only (section 604), to school bus operators, under special conditions (section 609), with and without examination, under certain conditions (section 608), and with learner's permits (section 606). Included in special categories and conditions, under section 604, are those persons sixteen to eighteen years of age. These are all licenses issued under the code, as referred to in section 601, and we discern no specialized distinction of "junior licenses" from any of the other categories of licenses provided for in the code, and, if the point system does not apply to junior licenses, because authorized in section 604 by equal force of argument, it does not apply to many other types of licenses, if not all types.

Perhaps reference to the scope of licenses in section 601 was a poor choice of the legislature, if any distinction were to be made in applicability to licensees, and this is not for us to judge. The secretary begins with the position that a distinction was intended. However, by choosing as its reference section 601, the legislature made clear its applicability to all licenses issued under any provisions of the act. There is just no ground to substantiate any such intent from the wording of sections 619 and 601.

Examining the purpose to be accomplished, it appears obvious that the point system was intended to alleviate the hardships created by suspensions issued under broad discretionary powers conferred upon the secretary by imposing a mandated point system to

evaluate various types of violations of the code and the number thereof. We find nothing to indicate that such intent was to alleviate the hardships only to "senior" licensees. By choosing as its point of reference licenses encompassed within the scope of section 601, we see no alternative but to find a clear intent that the point system apply to all licenses granted under any provisions of The Vehicle Code. Viewed from the negative approach, if any distinction were intended, there are numerous means to so indicate, such as to limit application to suspensions authorized under section 618 and 619, or to specify the distinction desired. We must, therefore, and do conclude that the legislature intended the point system provided in section 619 to apply to all types and categories of licenses, including regular, junior, bus operators, with or without examinations, with or without glasses or for tractors only.

Wherefore, October 31, 1967, the appeal of Michael A. Rogers from suspension of his operator's license is hereby sustained, and said license ordered restored forthwith, subject nevertheless to the application of six points upon his driving record with all the consequences therefrom.